## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**Civil Action No.:**

**ERICA DRECKMAN**

      **Plaintiff,**

**v.**

**STELLAR RECOVERY, INC., a Florida Corporation**

      **Defendant**

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered foreign corporation with the Colorado Secretary of State, having a registered agent at 1675 Broadway, Ste 1200, Denver, Colorado 80202.

## PARTIES

8.     Plaintiff Erica Dreckman is a natural person who resides in the City of Fort Collins, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.     Plaintiff Stellar Recovery Incorporated is a Florida corporation operating from an address of 1327 Highway 2 West, Suite 100, Kalispell, Montana 59901 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.    The Defendant transacts business in this jurisdiction.

## FACTUAL ALLEGATIONS

11.    The amount the Plaintiff seeks to recover from the Defendant arises out of an alleged debt involving a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.    The alleged debt that the Defendant is attempting to collect upon stems from a debt created by Comcast cable.

13.    The Plaintiff disputes the debt and considers it to be invalid.

14.    Sometime prior to January 1, 2011 the Defendant contacted the Plaintiff with a letter demanding payment of $289.57.

15.    The Defendant advised the Plaintiff that if she did not pay or refused to pay that legal action against her would be initiated.

16.    The Defendant then launched an aggressive telephone campaign demanding payment and contacted the Plaintiff repeatedly on her telephone.

17.    After being told to stop further contact with the Plaintiff, the only imaginable purpose in continuing contact by the Defendant would be to harass abuse and oppress the Plaintiff.

18. Such conduct is prohibited by the FDCPA, see 15 U.S.C. §1692d.

19. The Plaintiff has no prior business relationship with the Defendant and advised them to stop contacting her over a debt that she considered to be invalid.

20. The Plaintiff, lacking knowledge that she did not have to pay an invalid debt, and fearing that legal action would be launched against her, agreed to try and make payment arrangements with the Defendant.

21. The Plaintiff entered into a payment plan with the Defendant in an effort to stop the telephone harassment.

22. However, due to the dire financial situation that the Plaintiff was in she could not make the payments.

23. Soon after the Plaintiff stopped paying the Defendant the telephone harassment began.

24. The FDCPA prohibits a debt collector from using any tactic that is unfair or unconscionable in their attempt to collect a debt.

25. Setting the Plaintiff up to make monthly payments on a debt that is unenforceable and invalid is both unfair and unconscionable, see 15 U.S.C. §1692f.

26. The Defendant sent the Plaintiff a letter dated March 29, 2011 wherein the Defendant states that "[w]e have been retained by the above mentioned creditor to present this claim on their behalf."

27. Such language is designed to give a consumer the false impression that certain legal ramifications exist if the debt is not paid in full.

28. Such false representation is prohibited by the FDCPA, see 15 U.S.C. §1692e.

29. Due to the number of telephone calls that the Defendant received, she discontinued using her cellular telephone.

30.     Plaintiff contacted the Defendant at her place of work, via telephone, repeatedly even after being advised that she could not accept such calls at her place of employment and to cease such communication.

31.     A debt collector who contacts a consumer at their place of employment after being advised that such communication is prohibited by the consumer's employer, violates 15 U.S.C. §1692c(a)(3).

32.     The actions of the Defendant have caused emotional and financial hardship on the Plaintiff and therefore were a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692 d(1), 1692 d(2), 1692 d(5), 1692 f, 1692g, amongst others.

### *Respondeat Superior Liability*

33.     The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

34.     The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

35.     By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

36.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

37.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.    The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

39.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### TRIAL BY JURY

40.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.


Respectfully submitted,

 s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com

s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com